**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| _____ )<br><br>**HILTON M. WILSON, et al.,**      )<br>     )<br>     **Plaintiffs,**      )<br>     )<br>**v.**      )<br>     )<br>     )<br>**WILLIAM PERRY, et al.,**      )<br>     )<br>     **Defendants.**      )<br>_____)| **Civil Action No.  3:99CV556** |

### MEMORANDUM OPINION

This matter is before the Court on the Motion by Independent Fiduciary on Behalf of District 6 Health and Pension Plans (docket entry no. 112) for reimbursement of attorney's fees in the successful defense against the District 6, IUISTHE's ("the Union") prior motion for retroactive rent and employee salary reimbursement.  For the reasons set forth herein, the motion is GRANTED.[1]

The Independent Fiduciary ("IF") of the Plans seeks reimbursement of his attorney's fees for having prevailed in the January 8, 2007, Memorandum and Opinion of the Court whereby the Union's petition seeking retroactive rent and salary reimbursement was denied (docket entry no. 110).  More specifically, the IF asserts that the Plans are entitled to recover attorney's fees pursuant

---

[1]The essential background and procedural history of the case is set forth in the court's January 8, 2007, Memorandum and Opinion, which is incorporated herein by reference.  *See* Wilson v. Perry, 2007 U.S. Dist. LEXIS 795, at *3-18 (E.D. Va. Jan. 8, 2007).

to 29 U.S.C. § 1132(g)(1) of the Employee Retirement Income Security Act of 1974 (ERISA) for the court's granting of the IF's motion to void the Union's claims.  Section 1132(g)(1) provides in pertinent part that:

> (1) In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its own discretion may allow a reasonable attorney's fee and costs of action to either party.

Initially, the Union asserts that the IF is not entitled to recover fees for such post-judgment efforts as were involved here, claiming that the IF was not a prevailing party who stood, in effect, in place of the Plaintiffs.  (Mem. Law Opp. Indep. Fiduciary's Mot. Atty.'s Fees) (Def.'s Mem.) at 3).  However, the Union misinterprets the function of the Independent Fiduciary.  In the simplest terms, a fiduciary is a person who is required to act for the benefit of another within the scope of their relationship.  Black's Law Dictionary 658 (8th ed. 2004).  In this case, the IF was appointed by the Court pursuant to the various consent orders and judgments that have been entered in the case and he was expressly given the authority and responsibility by the Court to carry out the terms of the various orders and judgments by overseeing *all* the affairs of the Plans.  (*See* Consent Orders, docket entry nos. 21, 71-74).  Therefore, in regard to any claim made against the Plans, such as the Union's subject claim for retroactive rent and salary reimbursement, it is the duty of the IF to address any such claim and, if deemed necessary and appropriate, to defend the Plans' assets against such claims.

    In this case, the IF actively defended the Plans against the Union's claims and, obviously, the IF did not do so free of charge; nor did the Court expect him to do so.  The IF charged the Plans for his services, and, in accordance with his fiduciary duties, he filed a substantiated motion for his fees that were incurred on behalf of the Plans.  The Union appears to muddle the distinction between the Plaintiffs and the Plans where the IF's representation of the Plans is a central aspect of the

ongoing litigation in the protracted case that has been lingering since suit was filed on August 5, 1999; the prolongation due, in no small part, to the Union's often recalcitrant behavior.  Thus, the IF, as the fiduciary of the prevailing party, is not only entitled to seek reimbursement on behalf of the Plans for his fees in successfully representing the Plans in response to any adverse claim, but he is also obliged by his fiduciary duty to do so in order to preserve the assets of the Plans.  (Order, Jan. 8, 2007) (docket entry no. 111).

The remaining issue, therefore, is the appropriateness of the fee award.  Pursuant to Section 1132(g)(1), the  awarding of attorney's fees is left to the discretion of the court.  The Fourth Circuit has specified five factors that a district court must consider in analyzing whether to grant attorneys' fees under § 1132(g)(1).  Johannssen v. Dist. No. 1-Pac. Coast Dist., 292 F.3d 159, 178-79 (4th Cir. 2002) (citing Reinking v. Philadelphia American Life Ins. Co., 910 F.2d 1210, 1217-1218 (4th Cir. 1990)).  These factors are:

> (1) degree of opposing parties' culpability or bad faith;
> (2) ability of opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against opposing parties would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' positions.

Johannssen, 272 F.3d at179.  In applying the first factor, the Union argues that it's claim for retroactive rent and reimbursement was made in good faith, based upon facts and arguments that could have supported such a claim.  (Def.'s Mem. at 5).  However, the indisputable fact is that the Union failed to disclose any claim for retroactive rent or salary reimbursement during any of the negotiations with the Court that culminated in the February 1, 2006, Wilson v. Torres Consent Judgment.  Such conduct suggests other than good faith in that the claims should have been

accounted for during such negotiations.  *See* <u>Wilson v. Perry</u>, 2007 U.S. Dist. LEXIS 795, *42-48 (E.D.Va.. Jan. 8, 2007).  Furthermore, the language of the <u>Torres</u> Consent Judgment was unequivocal in barring any Union employee from being paid out of the Plans' assets.  (<u>Torres</u> Consent Judgment, ¶ 9).  Moreover, the language of the related <u>Chao</u> Final Consent Judgment was also clear in barring any Union employee from being employed by the Plans. (<u>Chao</u> Consent Judgment, ¶15).  Thus, the claim for reimbursement of employee salaries (that only applies to the period after entry of the Consent Judgments) was absolutely barred.  Accordingly, where the Union ignored the plain language of the Consent Judgments, perhaps in order to avoid adverse impact on settlement of the then-pending issues that included pending show cause proceedings against the Defendant Perry as a Union officer, and with the expectation of pursuing the matter as a future claim, the basis exists to find that bad faith was involved in bringing the claim which, if it had been successful, would have subverted and negated a basic premise of the Consent Judgments.

In regard to the second factor, the Union claims that it currently does not have the financial wherewithal to satisfy any award of attorneys' fees.  (Def.'s Mem. at 5).  The only evidence of the Union's alleged financial predicament is an affidavit by it's attorney, Annmarie Venuti ("Venuti Aff.").  The Court acknowledges that the Union apparently has major financial problems; however, the Court also notes that the Union still has a relatively large contingent of 730 members, and that it is in the process of reducing expenses and attempting collection of past and prospective union dues. (Venuti Aff. ¶¶ 6-7, 14).  Although the factor tends to weigh in the Union's favor, there is no reason why, if attorneys' fees are awarded, the Union and the Plans cannot negotiate a payment schedule to accommodate the Union's current financial difficulties.

As to the third factor, whether the award of attorneys' fees would deter others acting under

similar circumstances, the Court disagrees with the Union's assertion that "it would be hard to fathom how this factor could be satisfied." (Def.'s Mem. at 5). Awarding attorneys' fees in this case would presumably discourage similar parties from failing to fully and openly negotiate settlements involving ERISA issues. Additionally, awarding such fees would deter recalcitrance in complying with resulting consent orders and judgments and otherwise deter others from ignoring the clear language and import of such directives.

In analyzing the fourth factor, it is clear that requiring the Union to pay the attorneys' fees of the Plans in defending against the Union's claims benefits the Plans' participants and beneficiaries in that the IF's successful opposition to the Union's claims prevented dissipation of Plan assets (approximately two-hundred thousand plus dollars), and the reimbursement of the attorneys' fees obviously benefits the Plans in making them "whole" for contesting the claim. The Union argues that the Plans' beneficiaries would benefit more if it could enroll more dues-paying members and that its efforts to do so will be thwarted by the award of fees with the consequential strain that would be placed on the Union's finances. (Def.'s Mem. at 5). While the Court does not doubt that there will be some adverse impact, it is not "a given" that enrollment of new members or dues collection would be foreclosed, especially if an installment plan is negotiated with the IF to accommodate the situation to the extent reasonably necessary.

As to the final factor, the relative merit of the parties' respective positions, as analyzed in the Court's January 8, 2007, Memorandum and Opinion, the Plans are clearly favored. As discussed *supra*, a simple review of both the <u>Chao</u> Final Judgment Order and the <u>Torres</u> Consent Judgment clearly barred the Union's claim for salary reimbursement. Moreover, given the Union's status as a Defendant, a party-in-interest, and a fiduciary to the Plans, any claim by the Union was certain to

implicate preemption by ERISA, and, therefore, the Union's failure to even raise the claim against the Plans during the negotiations leading to the <u>Torres</u> Consent judgment clearly lacked merit.

Of the five factors that must be considered, factors 1, 3, 4, and 5 clearly weigh in favor of awarding attorneys' fees, while the second factor weighs somewhat in favor of the Union. Accordingly, because the totality of the factors weigh in favor of awarding fees, and where the amount requested appears fair and reasonable,[2] the requested relief will be granted.

## CONCLUSION

Based on the foregoing, the Independent Fiduciary's Motion for Attorneys' Fees is GRANTED.

An appropriate Order shall issue.

_____/s/_____
Dennis W. Dohnal
United States Magistrate Judge

Date: 3/22/07

---

[2]The Court will allow a reasonable opportunity for the Union to contest the amount of the requested fee, if it be so advised.